|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON,

      Plaintiff,                      No. 2:09-cv-2103 JFM (PC)

    vs.

M. MARTEL, et al.,

      Defendants.

                         /                ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Defendants have not yet been served with process in this action.

        On August 11, 2009, plaintiff wrote a letter to the court, informing the court that he has been transferred to High Desert State Prison in Susanville. Plaintiff also states:

> And I have safety concerns and fear for my life, and I have not received my property that has my legal work at Mule Creek.

(Id.)

        Plaintiff does not explain why he has safety concerns or who is threatening his life. He does not indicate whether his safety is at risk at High Desert State Prison or whether it was at risk at Mule Creek State Prison, or both. Plaintiff also does not indicate what relief he is

1

seeking from the court. Although it is not entirely clear, the court will construe plaintiff's filing as a request for injunctive relief.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer Inc. v. Formula Int'l, 725 F.2d 521, 523 (9th Cir. 1984)); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Plaintiff has not carried his burden of showing a likelihood of success on the merits and the possibility of irreparable injury.

Moreover, the instant action is proceeding against defendants located at Mule Creek State Prison. If plaintiff seeks injunctive relief against individuals at High Desert State Prison, they are not named as defendants in this action, and this court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). If plaintiff is seeking injunctive relief against individuals at High Desert State Prison, he must file a new civil rights action naming those individuals as defendants.

Therefore, plaintiff's filing, construed as a request for injunctive relief will be denied without prejudice.

With regard to plaintiff's legal property, plaintiff has not provided sufficient information for the court to determine whether he is being wrongfully denied his legal materials,

1  whether it is simply en route from Mule Creek to High Desert State Prison, or whether it has
2  been lost during the transfer.  The filing does not explain on what date plaintiff was transferred or
3  how long he has been without his legal materials.
4          IT IS HEREBY ORDERED that plaintiff's August 17, 2009, letter, construed as a
5  request for injunctive relief is denied without prejudice.
6  DATED:  August 24, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; john2031.inj