IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON,

          Plaintiff,               No. 2:09-cv-2103 JFM (PC)

    vs.

M. MARTEL, et al.,             <u>ORDER AND</u>

          Defendants.        <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 28, 2010, plaintiff filed a document entitled "Motion for Injunction," which the undersigned construed as a request for a temporary restraining order.  On March 18, 2010, defendants, who have not yet appeared in this matter, filed a response.

      In his motion, plaintiff asserts that, in retaliation for filing this action, he was transferred to High Desert State Prison where two of his prison enemies, John Lambert and Melvin Dismute, were housed.  Plaintiff claims he complained about the transfer and his safety concerns, but his complaints were dismissed by Captain D. Davey and CCI Barker.  Next, plaintiff claims he was assaulted on September 10, 2009 by a prisoner who was told to attack him by enemy John Lambert.  Lastly, plaintiff claims correctional officers Calison and Smith have placed hair and gravel in his food in retaliation for filing complaints about his safety concerns.

      Defendants assert that plaintiff's safety concerns are unfounded.  (Resp. at 5.) Upon conducting a search of the California Department of Corrections and Rehabilitation

("CDCR"), defendants found no evidence that an individual by the name of Melvin Dismute was housed in any CDCR facility. (Id., Attach. 1 at 18.)  In investigating plaintiff's claims that he and John Lambert had once engaged in mutual combat while housed in Calipatria State Prison ("CAL"), allegedly the reason that he and plaintiff are enemies, defendants found that, of the two John Lamberts who were housed in the same facility as plaintiff as of the time of the filing of his motion, one was never housed at CAL and the other was housed there before plaintiff's incarceration began.  (Id., Attach. 1 at 5.)  Further, defendants claim that correctional officers Calison and Smith, who are not named in this action, do not provide plaintiff with his meals and thus could not have placed hair or gravel in plaintiff's food.  Finally, defendants assert plaintiff was transferred to Richard J. Donovan Correctional Facility in San Diego, CA on March 17, 2010, thus rendering plaintiff's request for injunctive relief moot.  (See Pl.'s Notice of Change of Address.)

Upon review, the court finds that plaintiff's transfer to the Richard J. Donovan Correctional Facility renders his motion moot.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this matter; and

IT IS HEREBY RECOMMENDED that plaintiff's January 28, 2010 motion be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

/////

/////

1    /////

2

3    failure to file objections within the specified time may waive the right to appeal the District

4    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5    DATED: April 8, 2010.

6

7                                        _____
                                         UNITED STATES MAGISTRATE JUDGE
8

9    /014; john2103.tro(2)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26